UNITED STATES COURT OF INTERNATIONAL TRADE

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| Plaintiff, | ) | |
| v. | ) | Court No. 17-222 |
| SANHUA INTERNATIONAL, INC., | ) | |
| Defendant. | ) | |

# COMPLAINT

The United States, by and through its undersigned attorneys, brings this action against defendant, Sanhua International, Inc., d.b.a. Dublin Distribution Company (SANHUA), and alleges the following:

1. The United States initiates this action on behalf of U.S. Customs and Border Protection (CBP), pursuant to 19 U.S.C. § 1592(a)(1), to recover penalties for gross negligence in the amount of $867,732.56, and alternatively to recover penalties for negligence in the amount of $433,866.28, stemming from SANHUA's violations of 19 U.S.C. § 1592(a) relating to approximately 20 entries of front-seating service valves.

## Jurisdiction

2. This Court possesses exclusive jurisdiction over this matter pursuant to 28 U.S.C. § 1582.

**Defendant and Related Companies**

3. SANHUA was incorporated in Ohio in May 2002. SANHUA imported components for air-conditioning and refrigeration units, including front-seating service valves (FSVs), and distributed these components in the United States, Mexico, Canada and Brazil.

4. Zhejiang Sanhua Co., Ltd. (Zhejiang Sanhua) was a corporation operating in the People's Republic of China that manufactured refrigeration and air-conditioning components, including FSVs, and sold these components to companies in the United States, including SANHUA.

5. Sanhua Holding Group Co., Ltd. (Sanhua Holding) was a corporation operating in the People's Republic of China that owned refrigeration and air-conditioning unit manufacturing companies in Asia, Europe and the United States, including SANHUA and Zhejiang Sanhua.

**Antidumping Duties for Front-Seating Service Valves**

6. Front-Seating Service Valves (FSVs) were components of air conditioners used to isolate sections of air conditioning systems during diagnostic servicing, installation, and repair.

7. On or about March 19, 2008, Parker-Hannifan Corporation filed a "Petition for the Imposition of Anti-Dumping Duties on Front-Seating Service Valves from the People's Republic of China" with the U.S. Department of Commerce (Commerce), alleging that Zhejiang Sanhua was a manufacturer of FSVs sold in the United States at less than fair value.

8. On or about April 15, 2008, Commerce published a notice that it had initiated an antidumping investigation of FSVs from the People's Republic of China. *See* 73 Fed. Reg. 20250, 20252-53 (Apr. 15, 2008).

9. On or about May 8, 2008, Zhejiang Sanhua submitted rebuttal comments to Commerce requesting that Commerce limit the scope of the antidumping investigation.

10. On or about October 22, 2008, Commerce issued a preliminary determination that FSVs from the People's Republic of China were sold in the United States at less than fair value. The preliminary determination set a weighted-average dumping margin of 15.41 percent for FSVs manufactured by Zhejiang Sanhua.

11. On or about March 13, 2009, Commerce issued a final determination margin of 28.44 percent antidumping duty assessment on all entries of FSVs imported by SANHUA from Zheijang Sanhua Co. 74 Fed. Reg. 10886 (Dep't of Commerce March 13, 2009). Commerce published its final antidumping duty order relating to "[FSVs], assembled or unassembled, complete or incomplete, and certain parts thereof." The antidumping duty order scope included, "[FSVs] of any size, configuration, material composition or connection type," which were classified under Harmonized Tariff Schedule (HTS) subheadings 8481.80.1095 and 8415.90.8085.

**Misrepresentation**

12. From on or about November 1, 2008 through on or about November 11, 2009, SANHUA and its agents imported FSVs manufactured by Zhejiang Sanhua in the People's Republic of China into the United States under cover of 20 entries, and made material false statements relating to these entries, (1) identifying them as "01" entries for consumption, rather than as "03" entries subject to antidumping duties, and (2) omitting the applicable antidumping duty case number.

13. SANHUA made these 20 entries (1) with actual knowledge or wanton disregard of their correct entry type and applicable antidumping duty case number, and (2) with indifference to its obligation to identify the required entry type and antidumping duty case number.

14. Despite the knowledge or wanton disregard of Commerce's antidumping investigation (Case Number A-570-933), Commerce's preliminary determination, and in some instances Commerce's final determination, between November 1, 2008 and November 11, 2009, SANHUA identified 20 entries of FSVs as Type 01 consumption entries, rather than as Type 03 entries subject to antidumping duties. The entries/entry summaries identified the entries as Type 01 consumption entries, omitted that they were Type 03 antidumping entries, and omitted the antidumping case number.

15. SANHUA's misstatements and omissions for these entries were material, as they allowed Sanhua to avoid the duty and bonding requirements that were ordered by the preliminary determination, and later ordered by the final determination.

**Pre-Penalty and Penalty Notices**

16. CBP issued two pre-penalty notices to SANHUA relating to its importation of FSVs: the first pre-penalty notice was issued on or about December 20, 2010, and the second pre-penalty notice was issued on or about March 7, 2013.

17. CBP issued the first penalty to SANHUA on or about February 11, 2011, in the amount of approximately $104,137.04, alleging gross negligence relating to a false entry of FSVs that SANHUA made on or about November 11, 2009. On or about December 2, 2013,

CBP issued an amended penalty to SANHUA alleging negligence in the alternative to gross negligence.

18. CBP issued the second penalty to SANHUA on or about July 1, 2013, in the amount of approximately $763,565.54, alleging gross negligence relating to 19 false entries of FSVs that SANHUA made from on or about November 1, 2008, through on or about April 20, 2009. The penalty to SANHUA alleged negligence in the alternative to gross negligence.

19. SANHUA paid the duties owed relating to these 20 false entries, but not the penalties owed.

20. Pursuant to 19 U.S.C. § 1592(d), SANHUA is liable for payment of $867,732.56 in unpaid penalties, representing four times the total potential loss of revenue stemming from SANHUA's violations of 19 U.S.C. 1592(a).

**COUNT I**

21. The allegations contained in paragraphs 1 through 20 above are restated and incorporated by reference.

22. SANHUA's material misrepresentations, described above, were the result of gross negligence, in violation of 19 U.S.C. § 1592(a)(1), which deprived the United States of lawful duties.

23. Pursuant to 19 U.S.C. § 1592(c)(2), SANHUA is liable for penalties for gross negligence in the amount of $867,732.56, which represents four times the total potential loss of revenue of $216,933.14 ($26,034.26 and $190,898.88) stemming from SANHUA's violations of 19 U.S.C. 1592(a).

**COUNT II**

24. The allegations contained in paragraphs 1 through 20 above are restated and incorporated by reference.

25. If SANHUA's violations were not the results of gross negligence, then they were the result of negligence, in violation of 19 U.S.C. § 1592(a)(1), which deprived the United States of lawful duties.

26. Pursuant to 19 U.S.C. § 1592(c)(3), SANHUA is liable for penalties for negligence in the amount of $433,866.28, which represents two times the total potential loss of revenue of $216,933.14 ($26,034.26 and $190,898.88) stemming from SANHUA's violations of 19 U.S.C. 1592(a).

**Prayer for Relief**

WHEREFORE, the United States respectfully requests that the Court enter judgment for the United States against defendant, SANHUA:

On Count I, against SANHUA for civil penalties for gross negligence pursuant to 19 U.S.C. § 1592(c)(2) in the amount of $867,732.56;

On Count II, against SANHUA for civil penalties for negligence pursuant to 19 U.S.C. § 1592(c)(3) in the amount of $433,866.28, and

Such other and future relief as this Court deems appropriate.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

PATRICIA M. MCCARTHY
Assistant Director

*s/ William Kanellis*
WILLIAM KANELLIS
United States Department of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 480, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 616-0338

OF COUNSEL:
MEREDITH A. JOHNSON
Attorney
U.S. Customs and Border Protection
Office of the Associate Chief Counsel
Long Beach, CA 90831

STEVEN HOLTKAMP
Senior Attorney
U.S. Customs and Border Protection
Office of the Associate Chief Counsel
Chicago, IL 60607

August 17, 2017

Attorneys for Plaintiff