**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: HONORABLE JANE A. RESTANI, SENIOR JUDGE**

| | | |
|---|---|---|
| UNITED STATES,<br><br>Plaintiff,<br><br>vs.<br><br>SANHUA INTERNATIONAL, INC.<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Court No. 17-00222 |

**ANSWER**

Now comes the Defendant, Sanhua International, Inc., formerly dba Dublin Distribution Company ("Sanhua"), by and through counsel, and for its Answer to the Plaintiff's Complaint states as follows:

1. Sanhua admits the purpose of this action. For further answer, Sanhua denies the remaining allegations contained in Paragraph 1 of the Complaint, and avers that it does not owe any penalties or interest due to gross negligence or negligence in violation of 19 U.S.C. § 1592(a).

**Jurisdiction**

2. Neither admits nor denies the allegations contained in Paragraph 2 of the Complaint concerning the Court's jurisdiction over this action and leaves the Plaintiff to its proofs.

**Defendant and Related Companies**

3. Sanhua admits the allegations contained in Paragraphs 3 through 5, inclusive, of the Complaint.

**Antidumping Duties for Front-Seating Service Valves**

4. Sanhua admits the allegations contained in Paragraph 6 of the Complaint.

5. Upon information and belief, to the extent they purport to accurately restate the U.S. Department of Commerce ("Commerce") proceedings to which they refer, Sanhua admits the allegations contained in Paragraphs 7 and 8, inclusive, of the Complaint.

6. Sanhua denies the allegations contained in Paragraph 9 of the Complaint that on or about May 8, 2008, Zhejiang Sanhua submitted rebuttal comments to Commerce and avers that, upon information and belief, Parker-Hannifin submitted rebuttal scope comments in the Commerce proceedings. For further answer, upon information and belief, Sanhua avers that Zhejiang Sanhua submitted comments on or about April 28, 2008 in the Commerce proceedings.

7. Upon information and belief, to the extent they purport to accurately restate the Commerce proceedings to which they refer, Sanhua admits the allegations contained in Paragraphs 10 and 11, inclusive, of the Complaint.

**Misrepresentation**

8. Sanhua admits that from on or about November 1, 2008 through on or about November 11, 2009, it imported FSVs manufactured by Zhejiang Sanhua in the PRC into the United States. Sanhua avers that licensed customs brokers prepared and

submitted CBP Form 7501 (Entry Summary) and related documents for the twenty (20) entries made during said time and each document speaks for itself with respect to the entry type and antidumping duty case number. For further answer, Sanhua denies the remaining allegations contained in Paragraph 12 of the Complaint.

9. Sanhua denies the allegations contained in Paragraph 13 of the Complaint.

10. To the extent the allegations contained in Paragraph 14 of the Complaint are duplicitous of the allegations contained in Paragraph 12 of the Complaint, Sanhua incorporates by reference its response in Paragraph 8 of this Answer. For further answer, to the extent the allegations contained in Paragraph 14 of the Complaint are not repetitive of the allegations contained in Paragraph 12 of the Complaint, Sanhua denies the allegations contained in Paragraph 14 of the Complaint.

11. Sanhua denies the allegations contained in Paragraph 15 of the Complaint.

**Pre-Penalty and Penalty Notices**

12. Sanhua admits the allegations contained in Paragraphs 16 through 18, inclusive, of the Complaint.

13. Sanhua admits that it paid the duties owed relating to the twenty (20) entries made during said time. For further answer, Sanhua denies the remaining allegations contained in Paragraph 19 of the Complaint and avers that it is not liable for any penalties.

14. Sanhua denies the allegations contained in Paragraph 20 of the Complaint.

**COUNT I**

15. Sanhua realleges and incorporates by reference Paragraphs 1 through 14, inclusive, as if rewritten herein.

16. Sanhua denies the allegations contained in Paragraphs 22 and 23, inclusive, of the Complaint.

**COUNT II**

17. Sanhua realleges and incorporates by reference Paragraphs 1 through 16, inclusive, as if rewritten herein.

18. Sanhua denies the allegations contained in Paragraphs 25 and 26, inclusive, of the Complaint.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

Plaintiff fails to state a claim upon which relief can be granted against Sanhua.

**Second Affirmative Defense**

Any alleged misstatements and omissions concerning the entries that are the subject of this action were not material.

**Third Affirmative Defense**

Sanhua exercised reasonable care with respect to the entries that are the subject of this action, including consulting with and relying on licensed customs brokers for the proper and accurate filing of the entries.

**Fourth Affirmative Defense**

With respect to FP & F Cleveland Case No. 2011-4103-300007, the alleged penalty amounts in Count I and Count II are grossly overstated due to the incorrect antidumping rate used to calculate the alleged potential loss of revenue from which the alleged penalty amounts were calculated, as well as using a methodology inconsistent with that used by CBP to calculate the alleged penalty amounts in Case No. 2013-2704-300121.

**Fifth Affirmative Defense**

In the administrative penalty proceedings, U.S. Customs and Border Protection ("CBP") failed to apply all relevant mitigating factors set forth in its Appendix B to Part 171 (Customs Regulations, Guidelines for the Imposition and Mitigation of Penalties for Violations of 19 U.S.C. § 1592); specifically, CBP failed to address Sanhua's lack of prior experience with importing merchandise subject to antidumping duty orders and did not consider Sanhua's prior good record as mitigating factors.

**Sixth Affirmative Defense**

Sanhua reserves the right to amend or modify this Answer and Affirmative Defenses to raise any matters that become known upon the completion of discovery, pursuant to applicable rules and orders of the Court.

**[remainder of page left blank intentionally]**

**WHEREFORE**, the Defendant, Sanhua International, Inc., formerly dba Dublin Distribution Company, respectfully requests that the Plaintiff's Complaint be dismissed in its entirety and that it be awarded costs and attorney fees, together with such other relief as the Court deems proper.

Respectfully submitted,

Phillips Lytle LLP

Jon P. Yormick

Jon P. Yormick
125 Main Street
Buffalo, NY 14203
T: 716.847.7006
E: JYormick@phillipslytle.com

Attorneys for Defendant
Sanhua International, Inc.

Dated:November 27, 2017

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing Answer is being filed electronically on November 27, 2017. Notice of this filing will be sent to all other counsel by operation of the Courts electronic filing system. The parties may access this filing through the Court's system.

Jon P. Yormick

JON P. YORMICK

Attorneys for Defendant
Sanhua International, Inc.